SOUTHWICK, P.J., for the Court.
¶ 1. James D. Robinson pled guilty in 1996 to one count of burglary of a building, one count of grand larceny, and one count of uttering forgery. He has brought several subsequent claims for relief from this judgment. The present one was filed in 2000. We find that the trial court was correct that previous petitions by Robinson had exhausted his rights under the post-conviction relief procedures. We affirm.
STATEMENT OF FACTS
¶ 2. On April 8, 1996, Robinson entered a plea of guilty to three counts of an indictment. He was sentenced to five years each for burglary of a building and for grand larceny and to two years for uttering forgery. The sentences were to run consecutively. He was also ordered to pay restitution.
¶ 3. In June 1998, the circuit court denied Robinson’s motion to correct his sentence. In March 1999, the circuit court denied a second motion, this one to consolidate his sentences. These denials were not contemporaneously appealed and are not before us now either.
*567 ¶ 4. In December 1999, Robinson filed a notice to amend Ms motion to consolidate sentence. The circuit court denied the motion after finding that it sought the same relief as Robinson’s two previous motions and also because it was time-barred.
¶ 5. The motion that is before us on this appeal was filed in November 2000. Robinson sought a correction of his sentence. This too was denied.
DISCUSSION
¶ 6. Robinson argues that the circuit court erred in imposing a sentence of five years each for the burglary and grand larceny convictions. Robinson seeks to have his sentences for these two convictions reduced from a total of ten years to five years.
¶ 7. An order that dismisses a petition for post-conviction relief “is a final judgment and shall be conclusive until reversed.” Miss.Code Ann. § 99-39-23(6)(Rev. 2000). The order denying relief “shall be a bar to a second or successive motion under this chapter.” Miss.Code Ann. § 99-39-23(6)(Rev. 2000). There are two exceptions to the bar that is created by this statute. One is if either the Mississippi or United States supreme courts have since the conviction interpreted the law in a manner to alter the law that underlay the petitioner’s conviction or sentence; the prisoner may also proceed if he has evidence that was not reasonably discoverable at trial, that “is of such a nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence.” Miss.Code Ann. § 99-39-23(6)(Rev. 2000).
¶ 8. Otherwise, a motion for post-conviction relief must be brought after a guilty plea within three years of the judgment of conviction. Miss.Code Ann. § 99-39-5(2)(Rev. 2000).
¶ 9. The circuit court denied Robinson’s most recent motion for post-conviction relief for two reasons. First, Robinson failed to appeal the circuit court’s June 1998 order denying the first motion to correct sentence. That was an appealable judgment and became final once the appeal time expired. Miss.Code Ann. § 99-39-23(6)(Rev. 2000).
¶ 10. Second, the court ruled that since Robinson’s guilty plea was entered on April 8, 1996, his three-year time period for filing a motion for post-conviction relief expired on April 8, 1999. The present motion was filed in November 2000.
¶ 11. Furthermore, Robinson has not presented any intervening judicial precedent or newly discovered evidence that would exempt him from these procedural bars. Robinson has argued that there is newly discovered evidence consisting of case law that he was unable to present previously. That is a nice blend of both excuses for a successive petition. However, after maMng the allegation, he cites us to no such intervening precedents.
¶ 12. The trial court properly demed Robinson’s motion for post-conviction relief.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF MONTGOMERY COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO MONTGOMERY COUNTY.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER and BRANTLEY, JJ., concur.